## Trust Funds.

*Banks and banking — Bank with special charter — Trustee — Deposit of trust funds—Police powers—Supervision by Banking Commissioner.*

Although a bank may, under a special charter, have had the right by an order of court, under special circumstances, to become its own depository of funds of which it is trustee, such right is superseded by the general banking regulations of the Commissioner of Banking, which require all banking institutions under his supervision to deposit in other institutions all uninvested trust funds held by them as trustees.

Attorney-General's Department. Opinion to Hon. P. O. Cameron, Second Deputy Commissioner of Banking.

GAWTHROP, Dep. Att'y-Gen., Jan. 5, 1922.—I have your letter of the 22nd ultimo, asking to be advised whether a certain bank, incorporated by special act of assembly, acting in its capacity as trustee, has the right to deposit uninvested trust funds with itself.

It appears that this bank claims to be exempt from the regulations of the Banking Department requiring uninvested trust funds to be deposited in some other institution and properly ear-marked as trust funds, because of the special provisions of its charter, which, as renewed and now in force, authorizes it "to receive and become the depository of all trust funds and such other funds that may be paid into or be under the control of the several courts of

1 D. & C.

this State and the laws of the same: Provided, that the said courts shall be satisfied of the security of the said depository."

The answer to your inquiry depends upon the rights and powers granted to this bank by its charter as affected by and subject to such general regulations as from time to time may be made by the Commonwealth with a view to the protection and security of the public and other individuals. The rights insured to private corporations by special charters are subject, always, to the police powers of the State under which regulations which affect these rights may be changed from time to time as experience may demonstrate the necessity.

Says Judge Cooley in his chapter upon the Police Power of the State in Cooley's Constitutional Limitations (7th ed.), 836: "Although these charters are to be regarded as contracts, and the rights assured by them are inviolable, it does not follow that these rights are at once by force of the charter contract removed from the sphere of State regulation, and that the charter implies an undertaking on the part of the State that in the same way in which their exercise is permissible at first, and under the regulations then existing, and those only, may the corporators continue to exercise their rights while the artificial existence continues. The obligation of the contract by no means extends so far; but, on the contrary, the rights and privileges which come into existence under it are placed upon the same footing with other legal rights and privileges of the citizen, and subject in like manner to proper rules for their due regulation, protection and enjoyment."

The limit to the exercise of the police power is that the regulations must have reference to the general welfare, and they must not, under pretence of regulation, take from the corporation any of the essential rights and privileges conferred by the charter.

The Act of May 21, 1919, P. L. 209, continuing the Banking Department, supersedes all other acts upon the same subject and repeals unconstitutional acts. Section 20 provides as follows: "Whenever it shall appear to the Commissioner of Banking that any corporation or person under the supervision of the Banking Department has violated any provision of this act or any law regulating the business of such corporation or person, or is conducting business in an unauthorized or unsafe manner, or that any such corporation has an impairment of capital, the commissioner may issue an order, under his hand and seal of office, directing such corporation or person to discontinue such violation of law or such unauthorized or unsafe practices, or directing such corporation to make good any impairment or deficiency of capital, as the case may be, within a time, of not less than sixty days after notice, to be fixed by the commissioner."

The power of the Banking Department to supervise and regulate the operation of banks, trust companies and others doing a banking business in Pennsylvania is beyond question. The Banking Commissioner may promulgate any reasonable rule and may enforce any reasonable regulation or order which in his judgment makes for greater safeguarding of depositors in banks, and for better protection of trusts administered by trust companies and banks exercising like power. Banks operating under charters granted by special act of assembly are subject to this regulatory power.

An examination of the act incorporating the bank in question does not disclose any specific grant of power to accept a trust and keep the uninvested portion of the fund on deposit in its own banking department. It is conceded by the solicitor of this bank that no such authority exists in relation to any such trust except in cases where the court has named the bank as depository.

It is contended that the following language of the act incorporating this bank gave it this special power: "To receive and become the depository of all trusts and such other funds that may be paid into, or be under the control of, the several courts of this State and the laws of the same: Provided, that the said courts shall be satisfied of the security of the said depository."

Here we have a statute granting, first, the power to receive trusts under the order of the several courts; and, second, the power to become the depository of such trusts. To receive a trust is to become trustee. There is a clear line of demarcation between the powers and duties of the bank as a depository and its powers and duties as a trustee. In the former case it is subject to the control and order of the court, and in the latter it is subject to the supervision and regulation of the Banking Department. When the bank receives a deposit by order of the court, the deposit remains subject to the control and order of the court. But no order of court as to a deposit with a bank, trustee, which involves the violation of reasonable and duly promulgated regulations of the Commissioner of Banking upon the handling of trust funds by banks under the supervision of his department, can be sustained. When such a bank is appointed guardian or trustee, either by order of court or act of parties, its operations are under the supervision of the Banking Department, and it is subject to the rules of that department regulating uninvested trust funds. This bank may be made a depository by order of the court. It may be appointed trustee by the court. But legally it may not be appointed trustee and depository of the uninvested trust funds of the same trust. The special provisions of its charter do not specifically grant such right or power, and the powers which were vested in the bank are subject to the regulatory supervision of the Banking Commissioner, vested in him by the legislature under its police power.

You are advised, therefore, that this bank is subject to the regulations of your department which require all banking institutions under its supervision to deposit in other institutions all uninvested trust funds held by it as trustee.

From Guy H. Davies, Harrisburg, Pa.